UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:22-CR-38-REW-HAI-3 |
| v. ) | |
| ) | ORDER |
| TIMOTHY GRUNDY, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 218 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Timothy Grundy's guilty plea and adjudge him guilty of Count 1, Count 7, and the forfeiture allegation of the Superseding Indictment.  *See* DE 32 (Superseding Indictment); DE 219 at 2 (Recommendation of Acceptance of Guilty Plea).  Judge Ingram expressly informed Grundy of his right to object to the recommendation and secure *de novo* review from the undersigned.  *See* DE 219 at 3.  The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 219, **ACCEPTS** Grundy's guilty plea, and **ADJUDGES** Grundy guilty of Count 1 and Count 7 of the Superseding Indictment.

2. Further, per Judge Ingram's recommendation, the Defendant's agreement, and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in the Superseding Indictment (DE 32 at 10-12) is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B). Per the Plea Agreement, the forfeiture extends to Grundy's interest in all property listed in the Indictment's forfeiture provision. *See* DE 208.

3. The Court **CANCELS** the jury trial as to this Defendant.

4. The Court will issue a separate sentencing order.[1]

This the 21st day of June, 2023.



Signed By:
*Robert E. Wier*   /R€W/
United States District Judge

---

[1] Judge Ingram detained Grundy after the plea hearing. *See* DE 218. This was also Grundy's status entering the hearing. *See* DE 42. Absent an intervening order, Grundy will remain in custody pending sentencing.